FILED
JUN 29 2012
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CRIMINAL NO. 12-30156-DRH |
| | ) |
| BEHRMANN MEAT PROCESSING, | ) |
| INC., and BEHRMANN YORKSHIRE | ) |
| FARMS, | ) |
| | ) |
| Defendants. | ) |

## PLEA AGREEMENT

The attorney for the Government and the attorney for the Defendants have engaged in discussions and have reached an agreement pursuant to Federal Rule of Criminal Procedure 11. As a result of that agreement, the Defendants intend to plead guilty in this case. The full and complete Plea Agreement is as follows:

### I.

1. Defendants, through their authorized representatives, will cooperate fully with the United States.

2. Defendants also agree and acknowledge that their obligation to cooperate requires the corporations, through an authorized representative, upon request, to provide complete and truthful information to any Federal or State law enforcement agencies concerning any criminal activity about which the corporations are aware. Defendants agree that any such information provided to law enforcement agencies will be complete and truthful.

3. Besides the foregoing, the Defendants will do all things deemed necessary by the United States Attorney and/or any law enforcement agents to assist law enforcement personnel

in their investigations into activities in which the Defendants are involved or about which they know.

4.   Defendants will not be prosecuted in the Southern District of Illinois for any other crimes now known to the Government or to become known to the Government by virtue of Defendants' cooperation.

5.   In conjunction with the provisions of paragraphs 1, 2, 3, and 4, hereinabove, Defendants specifically agree and acknowledge that if they do not cooperate fully then the United States is completely released from any obligation arising from this agreement and the Defendants are subject to full prosecution and punishment for any crime known to the Government at this time. It is further understood that no action taken by the Government, pursuant to this paragraph, shall be grounds for the Defendants to withdraw their plea.

6.   Defendants acknowledge that they have been advised and do fully understand the following:

>  (a)   the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;
>
>  (b)   that Defendants have the right to plead not guilty or to persist in that plea if it has already been made, and Defendants have the right to be tried by a jury and at that trial have the right to the assistance of counsel, the right to confront and cross-examine witnesses against them; and
>
>  (c)   that if Defendants plead guilty, there will not be a further trial of any kind, so that by pleading guilty, Defendants waive the right to a trial.

7. The Defendants understand that pursuant to Title 18, United States Code, §3013 the Court will assess a "Special Assessment" of $400. Defendants agree that they will pay the full amount of the Special Assessment when the Information is filed.

8. The Defendants understand that the Court may impose a term of probation. *See* 18 U.S.C. §3561(c). The authorized term of probation is not less than one year and not more than five years. *Id.*

9. The Defendants understand and agree that if they commit any offense in violation of federal, state, or local law, or violates any term or condition of this agreement, the Government is not bound by the provisions herein and may request that the Court impose on the Defendants any penalty allowable by law, including the filing of additional charges or sentencing enhancement notices. No action taken or recommendation made by the Government pursuant to this paragraph shall be grounds for the Defendants to withdraw their plea.

10. The Defendants state that they have read this agreement and have discussed it with their attorney, and understand it.

## II.

1. The Defendants state that they are actually guilty and will enter a plea of guilty to the Information, charging Harboring Illegal Aliens from Detection for the Purpose of Commercial Advantage and Private Financial Gain, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iii). The maximum penalty that can be imposed pursuant to 18 U.S.C. §3571 is a $500,000 fine; if probation is imposed, pursuant to 18 U.S.C. §3561(c), not less than one year or more than 5 years. Forfeiture pursuant to Title 18, United States Code, Section 982(a)(6) is authorized.

2. The Government and the Defendants agree that the following constitute the essential elements of the offense:

FIRST: Knowing or in reckless disregard;

SECOND: That an alien has come to, entered, or remained in the United States;

THIRD: In violation of the law

FOURTH: And with respect to such alien: conceals, harbors, shields from detection,

FIFTH: In buildings and other places

SIXTH: For the purpose of commercial advantage and private financial gain.

The Defendants agree and admit that their conduct violated these essential elements of the offense.

3. The Government and Defendants agree that the Defendants shall forfeit a total of $50,000 to the United States in lieu of any other forfeiture of real or personal property. The parties agree to request that the Court impose a $5,000 fine. The Defendants agree to participate in an "e-verify" program, and to permit voluntary employment compliance inspections of their business locations by agents and employees of the Department of Homeland Security-U.S. Customs and Border Protection. Further, the Defendants will agree to participate in compliance training with the Department of Homeland Security-U.S. Customs and Border Protection if requested. The Defendants agree not to assist any other individual in contesting the forfeiture on the Defendants' behalf. If the Defendants fail to forfeit $50,000 then the Government is not bound by the terms of this agreement. In exchange, the Government agrees to forego the filing of

additional felony charges against Behrmann Meat Processing, Inc., or Behrmann Yorkshire Farms or its officers or employees.

4.      The parties acknowledge that the 2012 version of the Guidelines Manual applies. However, the parties both agree to request the Court to waive the preparation of a Presentence Report (PSR) and impose sentence on the day of the filing of the Information and change of plea. If the Court accepts the sentencing recommendation herein, Defendants will pay the fine at the time of sentencing. The Defendants understand that the Sentencing Guidelines are advisory only and that the Court has the discretion to sentence the Defendants anywhere up to the statutory maximum sentence after consideration of the Sentencing Guidelines, and the factors set forth in 18 U.S.C. §3553(a), including the nature and circumstances of the offense(s). <u>The Defendants expressly recognize that, regardless of the guideline range found or the sentence imposed by the Court, they will not be permitted to withdraw their plea.</u>

### III.

1.      The Defendants understand that by pleading guilty, they are waiving all appellate issues that might have been available if they had exercised their right to trial. The Defendants state that they are fully satisfied with the representation they have received from their counsel, that they have discussed the Government's case, possible defenses and have explored all areas which the Defendants have requested relative to the Government's case and its defense.

2.      The Defendants are aware that Title 18, Title 28 and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence. Acknowledging all this, and in exchange for the recommendations and concessions made by the

United States in this plea agreement, the Defendants knowingly and voluntarily waive their right to contest any aspect of their conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), the Defendants reserve the right to appeal the reasonableness of the sentence. The Defendants acknowledge that in the event such an appeal is taken, the Government reserves the right to fully and completely defend the sentence imposed, including any and all factual and legal findings supporting the sentence, even if the sentence imposed is more severe than that recommended by the Government. Defendants knowingly and voluntarily waive their right to seek a pardon.

3. Defendants' waiver of their right to appeal or bring collateral challenges shall not apply to: 1) any subsequent change in the interpretation of the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit, which is declared retroactive by those Courts, and which render the Defendants actually innocent of the charges covered herein, and 2) appeals based upon Sentencing Guideline amendments which are made retroactive by the United States Sentencing Commission (see U.S.S.G. § 1B1.10). The Government reserves the right to oppose such claims for relief.

4. Defendants' waiver of their appeal and collateral review rights shall not affect the Government's right to appeal Defendants' sentence pursuant to Title 18, United States Code, Section 3742(b). This is because United States Attorneys lack any right to control appeals by the

United States, through plea agreements or otherwise; that right belongs to the Solicitor General. 28 C.F.R. § 0.20(b).

5. Defendants hereby waive all rights, whether asserted directly or by a representative, to request or receive from any Department or Agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation, any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act of 1974, Title 5, United States Code, Section 552a.

6. Defendants waive all claims under the Hyde Amendment, Title 18, United States Code, Section 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

## IV.

Each person who signs this Plea Agreement in a representative capacity warrants that he or she is duly authorized to do so and is bound by its terms, obligations and conditions. Behrmann Meat Processing, Inc., and Behrmann Yorkshire Farms shall provide to the Government and to the Court a copy of a Corporate Acknowledgment of the Plea Agreement affirming that Behrmann Meat Processing, Inc., and Behrmann Yorkshire Farms have given their authority to enter into this Plea Agreement on their behalf.

## V. (Forfeiture)

1. <u>Agreement to forfeit assets.</u>

The Defendants agree to forfeit to the United States immediately and voluntarily any and all assets and property which was used to facilitate, or was intended to be used to facilitate, the

commission of the offense that is the subject of this plea agreement. Said property includes, but is not limited to, the real estate more fully described as follows:

> **Parcel 1:** Part of the Northeast Quarter of the Northeast Quarter of Section Thirty-five (35), Township Two (2) North, Range Five (5) West of the Third (3rd) Principal Meridian, Clinton County, Illinois more fully described as follows: Commencing at the Northeast corner of Section 35, thence N. 89°-35'-05" W. a distance of 99.71 feet to a point of beginning: Thence S. 09°-47'-33" W. a distance of 156.75 feet; Thence N. 85°-14'-12" W. a distance of 101.94 feet; Thence N. 01°-22'-32" E. a distance of 146.94 feet; Thence S. 89°-35'-05" E. a distance of 124.72 feet to the point of beginning, according to the Plat of Survey prepared by Arthur R. Sheathelm and recorded August 18, 1978 at 3:40 P.M. in Deed Record 195 on page 73 as Document No. 239634, Plat Envelope 351-D, all in Clinton County, Illinois.
>
> Subject to easements, rights of way, restrictions and conditions of record.
>
> **Parcel 2:** A non-exclusive easement for driveway and access to real estate and buildings of grantor over the following described property to-wit:
>
> A part of the Northeast Quarter of the Northeast Quarter of Section 35, Township Two (2) North, Range Five (5) West, of the Third (3rd) Principal Meridian commencing at the Northeast Corner of said Section 35, thence N. 89°-35'-05" W. a distance of 99.71 feet to the place of beginning, thence S. 09°-41'33" W. a distance of 38 feet, thence in a northeasterly direction a distance of 33 feet to a point, thence 44 feet to a point located 50 feet east of the point of beginning, thence N. 89°-35'-05" W. a distance of 50 feet to the point of beginning as the same appears by plat of survey previously recorded situated in the County of Clinton, in the State of Illinois, hereby releasing and waiving all rights under and by virtue of the Homestead Exemption laws of this State.
>
> Permanent Property Index No. 05-05-35-200-003.
>
> **Parcel 3:** Part of the Northeast Quarter of the Northeast Quarter of Section 35, Township 2 North, Range 5 West of the Third (3rd) Principal Meridian, Clinton County, Illinois, described as follows:
>
> Commencing at the N.E. corner of said Section 35; thence, N. 89°35'05" W., (bearing assumed) along the North line of said Section 35, 224.43 feet to the point

8

of beginning; thence, continuing along said North line, N. 89°35'05" W., 475.00 feet; thence, S. 01°22'32" W., 458.59 feet; thence, S. 89°35'05" E., 475.00 feet; thence, N. 01°22'32" E., 458.59 feet to the point of beginning, containing 5.00 acres, more or less.

Subject to all easements, restrictions, and reservations of record, if any.

Situated in the County of Clinton, in the State of Illinois, hereby releasing and waiving all rights under and by virtue of the Homestead Exemption Laws of this State.

2. <u>Assist in recovery of assets</u>.

The Defendants further agree to fully assist the Government in the recovery and return to the United States of any assets which are forfeitable.

The Defendants further agree to make a full and complete disclosure of all assets over which Defendants exercise control and those which are held or controlled by a nominee.

The Defendants agree to forfeit all interests in the properties as described above and to take whatever steps are necessary to pass clear title to the United States. These steps include but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, the signing of any other documents necessary to effectuate such transfers, and the execution of withdrawals of any claims or defenses which may have previously been asserted against the forfeiture of any of the property. The steps further include the obtaining of any and all necessary documentation required to release the title, purported ownership interest, or possession of any of the property which is being held by a straw party. The Defendants further authorize their attorney, Neal Conners, to execute on the Defendants' behalf any documents requested by the Government to effectuate the forfeitures.

The Defendants agree to consent to any civil forfeiture brought against the properties described above. The Defendants waive service of process or notice in any such civil proceeding and agree that an order for forfeiture may be entered in said civil proceeding without further notice or hearing. The Defendants further waive any right to claim any interest in any property previously seized from them or any person or in any property previously forfeited from them or any person and any right to seek damages from the United States or any of its officers, agents, or employees stemming from any said seizure or forfeiture.

**All steps necessary to locate property and to pass title to the United States shall be completed no later than 14 days before the Defendant's sentencing. Time is of the essence.**

The property custodian of the Department of Homeland Security, Immigration and Customs Enforcement may, at his discretion, immediately or at any other time, obtain possession of any and all of the forfeited property, real or personal. In the alternative, the property custodian of the Department of Homeland Security, Immigration and Customs Enforcement may, at his discretion, wait until all third-party claims have been resolved before taking custody of any or all of the assets.

The Defendants agree that forfeiture of the Defendants' assets shall not be treated as satisfaction of any fine, restitution, costs of imprisonment, or any other penalty this Court may impose upon the Defendants in addition to forfeiture.

3. <u>Forfeiture of alternative assets</u>.

The Defendants agree that they shall pay $50,000 in unencumbered funds to the United States on or before the date of the change of plea as full satisfaction of the above forfeiture of the

10

real estate against them and all other asset forfeiture obligations against them arising from the conduct described in the Information. This payment shall be forfeited in lieu of the real estate pursuant to 19 U.S.C. Sec. 1613(c). The payment shall be in the form of cash or in such other check or other negotiable instrument as is acceptable to the property custodian of the Department of Homeland Security, Immigration and Customs Enforcement, and shall be delivered to the property custodian at 1222 Spruce, Room 7.303a, St. Louis, Missouri 63103, by 3 p.m. on June 29, 2012. Time is of the essence. The check should be made payable to "U.S. Customs and Border Protection." If said payment is made on a timely basis and as stated herein, then the forfeiture obligations shall be deemed to be satisfied in full with respect to these Defendants, the United States shall not attempt to forfeit any other property from these Defendants as a result of the offense giving rise to the forfeiture, and the $50,000 shall be distributed by the Department of Homeland Security, Immigration and Customs Enforcement, pursuant to law as forfeited funds.

4. <u>Waiver of rights</u>.

The Defendants further specifically waive the following constitutional or legal rights which they may otherwise possibly have had:

> (a) Any right to assert that the forfeitures violate the 8th Amendment of the Constitution or otherwise constitute an excessive fine or forfeiture or cruel and unusual punishment.
>
> (b) Any right to assert that the imposition of the forfeitures constitutes jeopardy with respect to the constitutional prohibition against double jeopardy; and the Defendants specifically agree that the imposition of any fine, restitution, imprisonment, costs of imprisonment, or penalty (either judicial or administrative) shall not be barred by the imposition of the forfeitures, nor shall

11

the imposition of the forfeitures be barred by any such fine, restitution, imprisonment, costs of imprisonment, or penalty (either judicial or administrative).

(c) Any requirement that the forfeitures must be commenced or completed at or by any particular time, including but not limited to any time or date imposed by a statute of limitations, any other statute, the doctrine of laches, or any administration rule or regulation. The Defendants further specifically agree that the Court may immediately enter a preliminary order of forfeiture in this criminal proceeding consistent with this plea agreement and that it is not necessary to wait for the formal sentencing of the Defendants for the entry of said order.

## VI.

No matters are in dispute.

STEPHEN R. WIGGINTON
United States Attorney

_____
DENNIS BEHRMANN, President
BEHRMANN MEAT PROCESSING, INC.
Defendant

_____
DEIRDRE A. DURBOROW
Assistant United States Attorney

_____
SCOTT BEHRMANN, President
BEHRMANN YORKSHIRE FARMS
Defendant

_____
NEAL CONNERS
Attorney for Defendants

Date: June 29, 2012

Date: 29th June 2012